## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

**Case No. _____**

ICONIC CONTENT LLC,
a Florida limited liability company,
    plaintiff,

v.

UNKNOWN OFFICER, DIRECTOR, OR OWNER
IP ADDRESS 104.27.170.148
d/b/a SHESFREAKY.COM;

HYSON INTERNATIONAL CORP.,
d/b/a CYBERCON, INC.,
a Missouri profit corporation;

UNKNOWN USER "PETERMAN5552";

UNKNOWN USER "SEXMASTER2018"; and

UNKNOWN USER "BIGBALLASHOTCALLA";

    defendants.

---

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
## AND DEMAND FOR JURY TRIAL

    Plaintiff, Iconic Content, LLC, by and through Klema Law, P.L. and pursuant to Fed. R. Civ. P. 3 and 8, files this, its complaint for damages and injunctive relief and alleges:

### Introduction

    1.    This is a case about the ongoing and wholesale copyright infringement of plaintiff's motion pictures by multiple defendants, all of whom have materially participated in the infringement. Plaintiff is the owner of adult motion pictures, live

streams, and images, produced and distributed through OnlyFans.com. The motion pictures and other content on OnlyFans.com is only available to paying members.

2. Unknown person(s) currently known only by user names "peterman5552" "sexmaster2018" and "bigballashotcalla" copied plaintiff's content from OnlyFans.com and uploaded it to another unauthorized website, ShesFreaky.com ("Site").

3. That website and its operators—currently known by an internet protocol ("IP") address and uniform resource locator ("URL")—has enlisted multiple layers of network affiliates in an attempt to hide its identity and thwart enforcement. Those affiliates include its hosts, Hyson International Corp., doing business as Cybercon ("Cybercon") and M3 Server, Inc., and its content distributor, Cloudflare. Even after peeling away those network layers and demanding removal of the infringing content from the Site, both the Site Owner and Cybercon failed to do so.

4. This is a civil action seeking damages under the United States Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 et seq. (the "Copyright Act").

**Jurisdiction and Venue**

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338 (jurisdiction over copyright actions, 17 U.S.C. §§ 101 et seq.).

6. This Court has personal jurisdiction over each of the defendants because each participated in the infringement of plaintiff's copyrighted works, committing a tort in this District.

7. Because plaintiff Iconic Content is the copyright owner, and its principal place of business is in Jacksonville, Florida, the situs of the injury for purposes of the long-arm statute, Section 48.193(1)(a)2., is Florida.

8. This Court has personal jurisdiction over unknown defendant Site Owner because it caused multiple copies of the copyrighted works to be distributed into this District by utilizing a content distribution network ("CDN"). The Site Owner's CDN stored copies of defendant's website content, including the infringing copies of plaintiffs content, in geographies proximate to where end users access its website. Defendant Site Owner purposefully directed its infringing conduct into this state through its knowing and intentional use of its CDN, Cloudflare, Inc., which maintains two datacenters within this District: Jacksonville, Florida and Tampa, Florida.[1] Plaintiff's copyrighted works were stored on those servers at the direction of defendant Site Owner.

9. Defendant Site Owner, who may be Memeable, LLC, a New Jersey limited liability company, and its managing member, Ajani Counts, a New Jersey resident, appears to have its designated copyright agent, Incorporate Now Inc., in Lake Worth, Florida.[2]

10. Upon information and belief, defendant Site Owner has done extensive business with residents of this State, including selling advertisements to other adult websites based in Florida, live webcam users based in Florida, and other advertisers

---

[1] https://www.cloudflare.com/network/ and https://www.cloudflarestatus.com/
[2] U.S. Copyright Office, DMCA Designated Agent Directory.

in Florida, including through its advertising intermediary, adnium.com. Therefore: (i) unknown defendant Site Owner committed the tortious conduct alleged in this Complaint in this State; (ii) Site Owner resides in this State, or; (iii) Site Owner has engaged in substantial and not isolated business activity in this State.

11. This Court also has personal jurisdiction over defendant Site Owner because it permitted unrestrained viewing of the copyrighted works within this District.

12. Similarly, this Court has personal jurisdiction over defendant Cybercon because it maintained datacenters in this District with knowledge that they contained the copyrighted material on them. Further, it continued to maintain that infringing content on its servers subsequent to receiving plaintiff's DMCA notice. Consequently, defendant Cybercon maliciously or in reckless disregard of Iconic Content's rights, infringed plaintiff's copyrights in this District by continuing to allow access to plaintiff's copyrighted works to persons within Florida. Therefore: (i) defendant Cybercon committed the tortious conduct alleged in this Complaint in this State; and (ii) Cybercon has engaged in substantial and not isolated business activity in this State.

13. Plaintiff's copyrighted works were accessed in this District by persons familiar with Iconic Content's managing member, and who advised Iconic Content of the existence of its copyrighted works on the shesfreaky.com website.

14. Pursuant to 28 U.S.C. § 1391(b) and (c), and 1400(a), venue is proper in this district because a substantial part of the events or omissions giving rise to the

claims occurred in this District.

## Parties

15. Plaintiff Iconic Content is a Florida limited liability company located at 8979 Hawkeye Circle, Jacksonville, Florida 32221.

16. Plaintiff currently can only identify defendant Site Owner by an IP address and domain name, although the site owner may be Memeable, LLC, a New Jersey limited liability company, or its managing member, Ajani Counts, a New Jersey resident. Defendant's IP address is 104.27.170.148 (Cloudflare server physically located within this District) and defendant's domain name is shesfreaky.com. Defendant Site Owner's name and address can be provided by Defendant's CDN, domain name registrar, and/or its website host, Defendant Cybercon and its affiliate, agent, or partner, M3 Server, Inc.

17. Defendant Site Owner owns or operates the website shesfreaky.com, and owns the domain name shesfreaky.com.

18. Defendant Cybercon is a Missouri for profit company providing website hosting services.

## Factual Background

### *Plaintiff's Copyrights*

19. Prior to discontinuing distribution of its motion pictures, Iconic Content's subscribers were substantial. Iconic Content earned subscription fees from those memberships. In addition to OnlyFans.com, Iconic Content published some of its motion pictures through SluttyIcon.com, and under the pseudonyms "Zuri

Zoltan" and "The Goddess Zuri."

20. Iconic Content ultimately decided to discontinue selling its content, but prior to that time, one or more unidentified members of OnlyFans.com surreptitiously recorded, downloaded, and duplicated plaintiff's motion pictures, and then uploaded them to the Site. Those persons are known only by their user names, "peterman5552" "sexmaster2018" and "bigballashotcalla" (defendant "Users").

21. Plaintiff owns the copyrights to the motion pictures it created, and those motion pictures have been registered with the United States Copyright Office. The United States Copyright Office registration information for the subject content, including the registration number, is outlined on Exhibit 1 ("Works").

22. The defendant Users downloaded, copied, and distributed a complete or partial copies of plaintiff's Works without authorization.

23. Unfortunately, Iconic Content, like a large number of other makers of motion picture and television works, has a major problem with Internet piracy.

**Defendant Site Owner Refused to Honor Multiple DMCA Takedown Requests**

24. Upon learning that several of its motion pictures existed on the Site, Iconic Content notified defendant Site Owner of the infringing Works on or about July 20, 2018. Plaintiff again contacted defendant Site Owner on or about July 24, 2018, to reiterate her prior takedown request, and again received no response.

25. After several more weeks passed, additional Works were uploaded to shesfreaky.com. For a third time, Iconic Content contacted the defendant Site Owner, who finally responded on or about August 11, 2018, with a request that

Iconic Content "Please send a dmca notice." Email correspondence attached as Exhibit 2.

26. Immediately thereafter, plaintiff sent defendant Site Owner the requested DMCA takedown notice. DMCA notice attached as Exhibit 3.

27. The URLs of the Site known to contain Iconic Content's motion pictures is listed on Exhibit 3.

28. Defendant Site Owner refused to honor the takedown request, and failed to provide any reasons why the content on its website at the URLs identified by plaintiff were not infringing.

29. Then, in response to Iconic Content's repeated efforts to remove the Works from the Site, defendant maliciously concealed its identity further, by changing its DMCA point of contact on its website from a lawyer, and replaced it with an online contact form believed to be intentionally unmonitored.

30. Desperate to seek compliance with its rights, plaintiff then created an account on shesfreaky.com to contact the person(s) behind the Users' account(s) who uploaded Iconic Content's movies without permission. An authorized representative of Iconic Content posted directly on the URLs where the Works were being illegally displayed, and reiterated plaintiff's copyright claims, providing additional notice to defendant Site Owner, and direct notice to defendant Users.

31. Defendant Site Owner, rather than comply with its lawful obligations to Iconic Content and its intellectual property, instead intentionally and maliciously deleted or denied access to plaintiff's account and interfered with Iconic Content's

ability to assert its rights directly with the originating source of the infringing activity by providing direct notice to defendant Users on the Site.

32. The digital media files on the Site have been verified to contain a digital copy of a motion picture that is identical (or alternatively, strikingly similar or substantially similar) to plaintiff's corresponding original copyrighted Works.

33. Defendant Site Owner has allowed multiple repeat infringers to post copyrighted works to the Site. It does not provide a policy stating that it will terminate repeat infringers of copyrights, or it has failed to implement that policy by failing to identify and block IPs of repeat infringers, or it has altogether abdicated its responsibility to terminate repeat infringers.

34. Further, it blocked Iconic Content's own user accounts on the Site while simultaneously ignoring plaintiff's DMCA notices, and it continued to permit the defendant Users to access the Site and upload and share content on the Site.

35. Consequently, defendant Site Owner is not an eligible service provider pursuant to 17 U.S.C. § 512(i) (2018), and therefore ineligible for the safeharbor provisions of the DMCA.

**Defendant Cybercon Refused to Honor its Separate DMCA Takedown Request**

36. In addition to providing notice to defendant Site Owner, plaintiff Iconic Content also notified Site Owner's host, defendant Cybercon, of the existence of the infringing Works on or about on or about August 11, 2018. Email correspondence attached as Exhibit 4.

37. Despite that notice, defendant Cybercon refused to honor it, failed to take any action whatsoever in response to the notice, and failed to provide any reasons to plaintiff why the content identified by plaintiff in the DMCA takedown request were not infringing.

38. Defendant Cybercon also does not provide a policy stating that it will terminate repeat infringers of copyrights. It also has failed to implement a procedure to record what webmasters, websites, individuals, or juristic entities are associated with copyright infringement such that it does not and cannot identify repeat infringers. Further, Cybercon has not actually terminated repeat infringers which it has become aware.

39. Consequently, defendant Cybercon is not an eligible service provider pursuant to 17 U.S.C. § 512(i) (2018), and therefore ineligible for the safeharbor provisions of the DMCA.

40. Plaintiff is entitled to seek statutory damages and attorneys' fees under 17 U.S.C. § 501 of the United States Copyright Act.

**COUNT I**
**Direct Copyright Infringement**
*Users*

The allegations contained in paragraphs 1-40 are hereby re-alleged as if fully set forth herein.

41. Plaintiff is the owner of the Works, which is an original work of authorship.

42. Defendant Users are only known by their screen names, but discovery

will reveal their true identities.

43. Defendant Users copied the constituent elements of plaintiff's Works by recording and storing the Works on their computer(s). Defendant Users further caused the copied Works to be uploaded, stored, and viewed through the Site.

44. At no point in time did plaintiff authorize, permit or consent to defendant Users' copying, display, or distribution of its Works, expressly or otherwise.

45. On or after July 20, 2018, defendant Users had actual knowledge that the Works on the Site were infringing, or was aware of facts or circumstances from which infringing activity is apparent.

46. Defendant Users ignored plaintiff's request to remove the Works from the Site, but those requests were met with rebuke and statements intended to shame the actors in the videos, and bring disrepute to Iconic Content's business and Works.

47. As a result of the foregoing, defendant Users violated plaintiff's exclusive right to:

> (i) reproduce its Works in copies, in violation of 17 U.S.C. §§ 106(1) and 501;
>
> (ii) distribute copies of the Works to the public by sale or other transfer of ownership, or by rental, lease or lending, in violation of 17 U.S.C. §§ 106(3) and 501;

    (iii) perform the copyrighted Works, in violation of 17 U.S.C. §§ 106(4) and 501, by showing the Works' images in any sequence and/or by making the sounds accompanying the Works' audible and transmitting said performance of the work, by means of a device or process, to members of the public capable of receiving the display (as set forth in 17 U.S.C. § 101's definitions of "perform" and "publicly" perform); and

    (iv) display the copyrighted Works, in violation of 17 U.S.C. §§ 106(5) and 501, by showing individual images of the works non-sequentially and transmitting said display of the works by means of a device or process to members of the public capable of receiving the display (as set forth in 17 U.S.C. § 101's definition of "publicly" display).

48. Defendant Users' infringements were committed "willfully" within the meaning of 17 U.S.C. § 504(c)(2).

**WHEREFORE**, plaintiff Iconic Content, LLC respectfully requests that the Court:

(A) permanently enjoin defendant Users from continuing to infringe plaintiff's copyrighted Works pursuant to 17 USC § 512(j)(1)(A)(i);

(B) order that defendant Users delete and permanently remove the digital media files relating to plaintiff's Works from each of the computers under defendant's possession, custody, or control;

(C) order that defendant Users delete and permanently remove the infringing copies of the Works defendant has on computers under defendant's possession, custody or control;

(D) award plaintiff statutory damages per infringed work pursuant to 17 U.S.C.§ 504(a) and (c);

(E) award plaintiff its reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505; and

(F) grant plaintiff any other and further relief this Court deems just and proper.

## COUNT II
### Direct, Vicarious, and Contributory Copyright Infringement
*Unknown website owner or operator, shesfreaky.com*

The allegations contained in paragraphs 1-48 are hereby re-alleged as if fully set forth herein.

49.   Defendant Site Owner copied and distributed the constituent elements of plaintiff's Works through its website and through its use of website host, Cybercon, and through use of a CDN which stored multiple copies of plaintiff's Works throughout the United States.

50.   At no point in time did plaintiff authorize, permit or consent to defendant Site Owner's distribution of its Works, expressly or otherwise.

51.   On or after July 20, 2018, and not later than August 11, 2018, defendant Site Owner had actual knowledge that the Works on its website were infringing, or was aware of facts or circumstances from which infringing activity is

apparent.

52. Defendant Site Owner failed to expeditiously remove or disable access to the Works on its website after being provided a DMCA-compliant takedown notice.

53. As a result of the foregoing, defendant Site Owner violated plaintiff's exclusive right to:

    (i) reproduce its Works in copies, in violation of 17 U.S.C. §§ 106(1) and 501;

    (ii) distribute copies of the Works to the public by sale or other transfer of ownership, or by rental, lease or lending, in violation of 17 U.S.C. §§ 106(3) and 501;

    (iii) perform the copyrighted Works, in violation of 17 U.S.C. §§ 106(4) and 501, by showing the Works' images in any sequence and/or by making the sounds accompanying the Works' audible and transmitting said performance of the work, by means of a device or process, to members of the public capable of receiving the display (as set forth in 17 U.S.C. § 101's definitions of "perform" and "publicly" perform); and

    (iv) display the copyrighted Works, in violation of 17 U.S.C. §§ 106(5) and 501, by showing individual images of the works non-sequentially and transmitting said display of the works by means of a device or process to members of the public capable of receiving

the display (as set forth in 17 U.S.C. § 101's definition of "publicly" display).

54. Defendant Site Owner's infringements were committed "willfully" within the meaning of 17 U.S.C. § 504(c)(2) ), or defendant Site Owner acted in reckless disregard of plaintiff's rights.

55. Defendant Site Owner is further liable for contributory copyright infringement of the defendant Users and vicariously liable for the intentional or negligent conduct of its officers, directors, employees, or agents who failed to comply with plaintiff's DMCA takedown request. Defendant Site Owner had reason to know of the wholesale direct copyright infringement of plaintiff's Works at least as early as August 11, 2018, when it received plaintiff's DMCA takedown request, combined with the still publicly accessible URLs displaying plaintiff's copyrighted video Works, yet defendant failed to take any action to limit or prevent access to plaintiff's copyrighted Works.

**WHEREFORE**, plaintiff Iconic Content, LLC respectfully requests that the Court:

(A) permanently enjoin defendant Site Owner from continuing to infringe plaintiff's copyrighted Works pursuant to 17 USC § 512(j)(1)(A)(i);

(B) order that defendant Site Owner delete and permanently remove every subscriber or account on its website that uploaded the Works to its site pursuant to 17 USC § 512(j)(1)(A)(ii), including known user accounts "Peterman5552," "Sexmaster2018," and "BigBallaShotCalla";

(C) order that defendant Site Owner delete and permanently remove the digital media files relating to plaintiff's Works from each of the computers under defendant's possession, custody, or control;

(D) order that defendant Site Owner delete and permanently remove the infringing copies of the Works defendant has on computers under defendant's possession, custody, or control;

(E) award plaintiff statutory damages per infringed work pursuant to 17 U.S.C.§ 504(a) and (c);

(F) award plaintiff its reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505; and

(G) grant plaintiff any other and further relief this Court deems just and proper.

## COUNT II
### Direct, Vicarious, and Contributory Copyright Infringement
*Hyson International Corp.*

The allegations contained in paragraphs 1-48 are hereby re-alleged as if fully set forth herein.

56. Plaintiff is the owner of the Works, which is an original work of authorship.

57. Defendant Cybercon copied and distributed the constituent elements of plaintiff's Works through its activities as host of the website shesfreaky.com, through its sub-contracting hosting services to M3 Server, Inc., and through its use of a CDN which stored multiple copies of plaintiff's Works throughout the United States.

58. At no point in time did plaintiff authorize, permit or consent to

defendant Cybercon's distribution of its Works, expressly or otherwise.

59. On or after July 20, 2018, and not later than August 11, 2018, defendant Cybercon had actual knowledge that the Works on its website was infringing, or was aware of facts or circumstances from which infringing activity is apparent.

60. Defendant Cybercon failed to expeditiously remove or disable access to the Works on its website after being provided a DMCA-compliant takedown notice.

61. As a result of the foregoing, defendant Cybercon violated plaintiff's exclusive right to:

   (i) reproduce its Works in copies, in violation of 17 U.S.C. §§ 106(1) and 501;

  (ii) distribute copies of the Works to the public by sale or other transfer of ownership, or by rental, lease or lending, in violation of 17 U.S.C. §§ 106(3) and 501;

 (iii) perform the copyrighted Works, in violation of 17 U.S.C. §§ 106(4) and 501, by showing the Works' images in any sequence and/or by making the sounds accompanying the Works' audible and transmitting said performance of the work, by means of a device or process, to members of the public capable of receiving the display (as set forth in 17 U.S.C. § 101's definitions of "perform" and "publicly" perform); and

(iv) display the copyrighted Works, in violation of 17 U.S.C. §§ 106(5) and 501, by showing individual images of the works non-sequentially and transmitting said display of the works by means of a device or process to members of the public capable of receiving the display (as set forth in 17 U.S.C. § 101's definition of "publicly" display).

62. Defendant Cybercon's infringements were committed "willfully" within the meaning of 17 U.S.C. § 504(c)(2), or Defendant Cybercon acted in reckless disregard of plaintiff's rights.

63. Defendant Cybercon is also vicariously liable for the infringement of defendant Site Owner, the infringement of its affiliated company, M3 Server, Inc., and the conduct of its officers, directors, employees, or agents who intentionally failed to comply with plaintiff's DMCA takedown request.

64. Defendant Cybercon is liable for contributory copyright infringement of defendant Site Owner, defendant Users, or the infringement of its affiliated company, M3 Server, Inc., and the conduct of its officers, directors, employees, or agents who intentionally or negligently failed to comply with plaintiff's DMCA takedown request. Defendant Cybercon had reason to know of the wholesale direct copyright infringement of plaintiff's Works at least as early as August 11, 2018, when it received plaintiff's DMCA takedown request, combined with the still publicly accessible URLs displaying plaintiff's copyrighted video Works, yet defendant failed to take any action to limit or prevent access to plaintiff's copyrighted Works.

**WHEREFORE**, plaintiff Iconic Content, LLC respectfully requests that the Court:

(A) permanently enjoin defendant Cybercon from continuing to infringe plaintiff's copyrighted Works pursuant to 17 USC § 512(j)(1)(A)(i);

(B) order that defendant Cybercon delete and permanently remove the digital media files relating to plaintiff's Works from each of the computers under defendant's possession, custody, or control;

(C) order that defendant Cybercon delete and permanently remove the infringing copies of the Works defendant has on computers under defendant's possession, custody, or control;

(D) award plaintiff statutory damages per infringed work pursuant to 17 U.S.C.§ 504(a) and (c);

(E) award plaintiff its reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505; and

(F) grant plaintiff any other and further relief this Court deems just and proper.

## DEMAND FOR A JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

    /Griffin Klema/
Griffin C. Klema, Esq.
Fla. Bar No. 100279
**Klema Law, P.L.**

PO Box 172381
Tampa, FL 33672
420 W. Kennedy Boulevard
Tampa, FL 33606
Telephone: 202-713-5292
Griffin@KlemaLaw.com
Attorney for plaintiff
Trial Counsel