# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

## Case No. 3:19-CV-00391-BJD-MCR

ICONIC CONTENT LLC,
a Florida limited liability company,
    plaintiff,

v.

UNKNOWN OFFICER, DIRECTOR, OR OWNER
IP ADDRESS 104.27.170.148
d/b/a SHESFREAKY.COM;

HYSON INTERNATIONAL CORP.,
d/b/a CYBERCON, INC.,
a Missouri profit corporation;

UNKNOWN USER "PETERMAN5552";

UNKNOWN USER "SEXMASTER2018"; and

UNKNOWN USER "BIGBALLASHOTCALLA";

    defendants.

---

**PLAINTIFF ICONIC CONTENT LLC'S SECOND MOTION FOR EXTENSION OF TIME TO RESPOND TO DEFENDANT HYSON INTERNATIONAL CORP. d/b/a CYBERCON, INC.'S MOTION TO DISMISS OR IN THE ALTERNATIVE TO TRANSFER**

Plaintiff, Iconic Content, LLC ("Iconic"), by and through Klema Law, P.L. and pursuant to Fed. R. Civ. P. 6(b) and Local Rule 3.01, files this, its Second Motion for Extension of Time to Respond to Defendant Hyson International Corp.'s ("Cybercon") Motion to Dismiss [ECF 23] and states:

    1.    The Court previously granted Iconic an enlargement of time to respond to Cybercon's Motion to Dismiss to accommodate jurisdictional discovery, and set

the deadline for 10 days after completion of discovery, making the deadline August 9, 2019. [ECF 34].

2. Iconic propounded its written discovery to Cybercon, and Cybercon responded on July 30, 2019, one day before its responses were due. Iconic reviewed those responses, and concluded they were replete with improper general objections and unsubstantiated specific objections as well as incomplete responses.

3. Pursuant to Local Rule 3.01, Iconic contacted Cybercon in an effort to address the discovery deficiencies, but was met with abject refusal even to engage in a meaningful discussion about the deficiency of its responses—Cybercon claiming that Iconic's deadline to file a motion to compel was 24 hours after it received Cybercon's responses.[1]

4. Iconic continues to seek Cybercon's voluntary cooperation on the responses, but should it not engage in meaningful efforts to resolve Iconic's concerns prior to August 14, 2019, Iconic will require further time to seek the Court's intervention to ensure Cybercon's proper responses, and ultimately to ensure the jurisdictional issue is properly adjudicated pursuant to Cybercon's Motion.

5. Despite its refusal to address Iconic's concerns in good faith as of the date of this Motion, it nevertheless agreed to provide Iconic with 10 additional days

---

[1] Counsel for Cybercon attempted to substantiate its recalcitrant position by citing the Discovery Handbook and arguing "discovery practice in the Middle District precludes you from moving to compel further responses after the discovery completion deadline. Should you file such a motion, we will oppose and seek costs." Apparently reading past the important context of that guidance, which is stated in the context of a case management and scheduling order—i.e. after a Rule 26 conference of the parties, and under a case management order providing ample time to complete discovery—not expedited jurisdictional discovery, as in the present case.

to respond to its Motion to Dismiss (August 19, 2019). It would not agree, however, to accommodate any time necessary to address its deficient jurisdictional discovery responses. As a consequence, although in principle Iconic and Cybercon agree to an enlargement of time, they disagree as to whether that enlargement should be set as a date certain, or triggered upon receipt of sufficient discovery responses (i.e., to include time to address discovery motion practice, if needed).

6. As a consequence, Iconic brings the present Motion.

7. To ensure it has the full opportunity to address the issues raised by Cybercon in its Motion to Dismiss, Cybercon's Plaintiff requires jurisdictional discovery and has good cause for same.

8. As but one example of the many discovery problems Iconic now faces is Cybercon's response to Admission No. 5, in which it refuses to admit the authenticity of any of its web pages, improperly injecting a purported distinction about whether they were "public facing"—even though that has no bearing on authenticity. Indeed, it even took the opportunity to baselessly accuse Iconic of somehow improperly accessing these web pages. It did not. In fact, Plaintiff's Counsel found such pages through normal web searching, and is prepared to submit a declaration to that effect if needed.

> 5. Admit the documents attached as Composite Exhibit 1 are true and correct copies of pages from your website and Facebook page.
>
> **RESPONSE:** Cybercon denies this request for admission as stated. Cybercon notes that certain portions of Exhibit 1 are from a test page not actively used by Cybercon as part of its public-facing website. Plaintiff appears to have obtained access to that webpage using a crawler program, and upon information and belief, did not access that webpage by organically navigating Cybercon's public-facing website. Because several different materials were combined into a "composite" exhibit, some of which are not true and correct depictions of Cybercon's public-facing website, this request is unfair and misleading.

9. Without adequate time to secure proper responses from Cybercon, Iconic would be faced with the nigh impossible task of proving[2] this Court's jurisdiction over Cybercon when the responses Iconic received were insufficient, objection-laden, and incomplete.

10. The relief requested in this Motion will not prejudice Cybercon, or any party, because Cybercon has elected to litigate the jurisdictional issues both by written opposition and with the support of a written declaration. Nor is the relief requested in this Motion advanced for purposes of delay.

## MEMORANDUM OF LAW

The Court, in its discretion, may enlarge the time to file a document if a party so requests before the original deadline for the filing. Fed. R. Civ. P. 6(b). The standard under Rule 6 is a liberal one, and requests for an enlargement of time are normally granted so long as it is not sought in bad faith and does not prejudice the

---

[2] Assuming such a burden actually shifted back to Iconic, which it asserts did not.

adverse party. Schwartz v. Bank of Am. Pension Plan for Legacy Cos., no. 8:17-cv-2858-T-36AAS (M.D. Fla. Apr. 13, 2018) (citing Ahanchian v. Xenon Pictures, Inc., 624 F.3d 1253, 1259 (9th Cir. 2010)).

Here, Iconic, because of the multiple issues and deficiencies in Cybercon's responses to Iconic's jurisdictional discovery (in addition to objections lodged in nearly every one), has good cause for the requested extension. Should the parties be unable to address the discovery issues voluntarily within five days, Iconic will require additional time to prepare and file a motion to compel. Should that occur, additional time may be needed for Cybercon to provide any further responses ordered and, thereafter, further time for Iconic to revise its (now-currently draft form) response in opposition to incorporate any further amended discovery responses.

Accordingly, Iconic respectfully requests its deadline for its response to Cybercon's Motion to Dismiss be set 10 days after Cybercon provides amended responses to the jurisdictional discovery, and not a date certain that would merely provide Cybercon with another opportunity to artificially constrain and thwart Iconic's ability to properly address the jurisdictional issues Cybercon raised.

**WHEREFORE**, Plaintiff Iconic Content, LLC requests the Court enter an order granting this Second Motion for Extension of Time to Respond to Defendant Hyson International Corp.'s Motion to Dismiss, and set the deadline for 10 days after Iconic receives amended and sufficient responses from Cybercon to the jurisdictional discovery, whether voluntarily or as a result of any order this Court may enter

regarding the sufficiency of Cybercon's responses, and for such further relief as the Court deems just.

        /s/ Griffin Klema
Griffin C. Klema, Esq.
Fla. Bar No. 100279
Griffin@KlemaLaw.com
**Klema Law, P.L.**
PO Box 172381
Tampa, FL 33672
420 W. Kennedy Boulevard
Tampa, FL 33606
Telephone: 202-713-5292
Attorney for Plaintiff

### CERTIFICATE OF COUNSEL

Counsel for Plaintiff certifies that he conferred with counsel for Defendant Cybercon in a good faith effort to resolve the issues raised in this motion and has been unable to do so—the main point of contention being that Iconic seeks an enlargement of time based upon Cybercon's responses whereas Cybercon seeks a date certain irrespective of the sufficiency of its responses.

        /s/ Griffin Klema
Griffin C. Klema, Esq.